Duncan v. The People.

JOHN DUNCAN, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Clinton.*

That portion of an indictment which recites the choosing, selecting, and swearing of the grand jury, according to the form prescribed in § 152 of the Criminal Code, is not a count or a portion of a count of the indictment; it is only the caption.

A motion to quash an indictment containing two counts, which is sustained as to the first, and overruled as to the second, does not affect the caption of the indictment.

Where the second count in an indictment, the first having been quashed because it did not state the presentment to be upon oath, recited that " The grand jurors aforesaid, chosen, selected, and sworn, as aforesaid, in the name and by the authority of the People of the State of Illinois aforesaid, on their oaths aforesaid, do further present:" *Held* that the count was sufficient.

THE following points were made by the counsel for the plaintiff in error:

1. Every count must be perfect in itself, or good by reference to a perfect count.   Stark. 331–2; 1 Chitty Crim. Law 167, 205.

2. If the Court was right in quashing the first count, as the second count referred to the first, the whole indictment should have been quashed.    13 Johns. 484–5; 1 Chitty Crim. Law 247, 249.

3. For the same reason judgment should have been arrested.

A. COWLES, J. M. KRUM, and J. REYNOLDS, for the plaintiff in error.

Duncan *v.* The People.

George W. Olney, Attorney General, for the defendants in error.

Smith, Justice, delivered the opinion of the Court:

This was an *indictment* containing two counts; the first, for an assault with intent feloniously to kill and murder; the second, for an assault with intent to do a great bodily injury, without any considerable provocation, contrary to the statute in such cases provided. A motion, before pleading, was made by the defendant, to quash the indictment, for defects appearing on its face. The Circuit Court, on the motion, quashed the first count, and refused the application as to the second.

The defendant was tried on the second count, and convicted. He then moved in arrest of judgment, which motion the Circuit Court overruled, and rendered final judgment on the conviction. A writ of error has been prosecuted in this Court, and it is now assigned for error—First, That the Circuit Court ought to have arrested the judgment in the cause, because as the first count did not show a presentment on oath, and being bad and quashed by the Court, the second count being only good by reference to the first, the second should also have been quashed. Secondly, Because the first count being stricken out, there is no averment of the empanelling, selecting, and swearing of the grand jury; and therefore the second count is bad.

In considering the second objection, it will be well to determine what was stricken out, on the motion to quash the indictment.

That portion of the indictment which recites the choosing, selecting, and swearing of the grand jury, according to the form provided in § 152 of the Criminal Code of this State, in which it is described as the commencement of the indictment, cannot be considered as the count itself, or a portion thereof. It is but the caption prescribed by the act.

The facts narrated after this caption, or commencement of the indictment, is the count; and this alone, we consider, was stricken out by the Court, on the motion to quash; and consequently the second count would be good by reference to this caption.

Apart, however, from these considerations, the first objection cannot be sustained, because the second count is perfect in itself without reference to the first. That count recites that "The grand jurors aforesaid, chosen, selected, and sworn, as aforesaid, in the name and by the authority of the People of the State of Illinois aforesaid, on their oaths aforesaid, do further present." If the words "aforesaid" in this recital are considered as surplusage, then the second count is, without any reference whatever, entirely sufficient in itself; and shows a presentment on the oath of the jurors, conformably to strict form. Without, however,

2M

considering it as surplusage, the count is not vitiated by the use of the word aforesaid.

Neither of the grounds assumed, as error, being sufficient, the judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*