Ex parte Jesse Crawford.

**Crimes in Unorganized Territory.** Unorganized territory attached to a county for "election, judicial, and revenue purposes" is, for such purposes, a part of such county, and the district court sitting in that county has jurisdiction over crimes committed in said unorganized territory. Jurors for the trial of such crimes should be summoned from both parts in suitable proportion, by the county commissioners, or if they fail in their duty, the court may summon a jury in the manner provided by section 664, Civil Code.

APPLICATION for writ of habeas corpus.

*M. Kinkaid,* for the application.

LAKE, CH. J.

This is an application for a writ of *habeas corpus*. It is made on the information of Jesse Crawford, who claims to be unlawfully deprived of his liberty by Barnabas Welton, who is sheriff of Holt county. The authority by

which the sheriff assumes to hold the informant is fully set out, and the granting, or the withholding of the writ, must depend upon whether that authority is found to be lawful, or otherwise.

It appears that Crawford is under an indictment charging him with the crime of murder in the second degree, committed in that portion of the unorganized territory of the state lying directly west of Holt county. The indictment was found by a grand jury of that county during the present February term of the district court sitting therein. On his arraignment Crawford moved that the indictment be quashed, "because the court has no jurisdiction to try said offense." This motion was overruled, the case continued to the next term for that county, and the prisoner committed to jail, in charge of the sheriff, for safe keeping. This constitutes the deprivation of liberty complained of. Is it illegal?

By section 10, Art. VI. of the constitution, the unorganized territory west of the sixth judicial district is made a part thereof. This is supplemented by a legislative provision (section 146, Ch. 18, Comp. Statutes, 193), in these words: "All counties which have not been organized in the manner provided by law, or any unorganized territory in the state, shall be attached to the nearest organized county directly east for election, judicial, and revenue purposes," etc.

Now it so happens that directly west of Holt there is no organized county, it is still unorganized territory. Holt, therefore, is the nearest organized county directly east of this territory, and consequently the one to which, by force of the statute just quoted, it is attached for "election, judicial, and revenue purposes." As to these three purposes there are no restrictive or qualifying words in the act, but the attachment seems to be complete, and said territory to all intents made practically a part of that county. Indeed, this effect is made still more mani-

fest, if that be possible, by reference to the next section of said act, which provides that: "The authorities" (of the county) "to which any unorganized county or territory is attached, shall exercise control over, and their jurisdiction shall extend to such unorganized county or territory, the same as if it were a part of their own county." The full extent of such jurisdiction and control can be correctly measured only by a resort to all of the various laws relative to county officers, and their duties respecting election, judicial, and revenue matters.

With these several provisions of constitutional and statutory law to guide us, we cannot hesitate to hold, not only that the district court, when sitting in Holt county, has jurisdiction to try the prisoner for the crime charged, but that, unless through a change of venue made at his request, he can be lawfully tried in no other.

It does appear, however, that the judge of the sixth district, pursuant to the act of February 24th, 1879, entitled: "An act to authorize the judge of the district court to designate the county in which an indictment may be found," etc., Comp. Stat., 737, section 489 a, by order designated Holt county as the one wherein the offense might "be inquired into by the grand jury," etc. But this order was of no effect. It added nothing to the inherent authority of the district court for that county, under the law, to indict, try, and punish for all crimes committed in the trial district, composed, as before shown, of Holt county proper and the unorganized territory attached thereto for judicial purposes.

There is another matter mentioned by counsel as tending in his estimation to show a want of jurisdiction in said court to proceed with the trial of the prisoner. This is the supposed impracticability, as the law now stands, of procuring a legal jury. It is doubtless the right of the accused to insist that the jury be called from the trial district—the district in which the offense is alleged to

have been committed. This right the constitution secures to him. *Olive v. The State*, 11 Neb., 1. The difficulty here suggested is, we think, more fanciful than real. There is ample provision in the statutes for obtaining a jury of the character called for by the constitution. The county commissioners, whose duty it is to select the list of persons from which the panel must be drawn, are, as we have seen, invested with precisely the same authority over the unorganized territory where this crime was committed, as they have over Holt county proper. Holt county, together with the unorganized territory belonging thereto, being one trial district, the commissioners, in making the selection of jurors, should draw from both parts in suitable proportion. If, however, they omit their duty in this respect, and in consequence thereof the panel is illegal, the court may quash it, and through the instrumentality of its own process, directed to the sheriff, procure one that is legal, as provided in section 664, Gen. Statutes. We are of the opinion, therefore, that the prisoner is lawfully in the custody of the sheriff, and that the writ must be denied.

WRIT DENIED.