# JANUARY TERM, 1887.

### PRESENT:

Hon. ALBERT H. HORTON, CHIEF JUSTICE.
Hon. DANIEL M. VALENTINE, ⎫ ASSOCIATE JUSTICES.
Hon. WILLIAM A. JOHNSTON, ⎭

T. P. PELHAM, *et al.*, v. THE BOARD OF COMMISSIONERS OF FINNEY COUNTY.

WICHITA COUNTY, *in 16th Judicial District.* Under the provisions of chapter 81, Laws of 1886, approved February 20, 1886, and which took effect February 26, 1886, Wichita county is within the sixteenth judicial district of the state, as said chapter 81, attaching that county to Finney county for judicial purposes, is the latest expression of the legislature, and therefore controlling.

*Original Proceedings in Mandamus.*

ON October 11, 1886, there was filed in this court the following petition, (omitting court and title:)

"Now come the plaintiffs, T. W. Pelham, James N. Mount, and Oren Clark, [omitting the names of twenty other plaintiffs,] and show to the court and aver that on the 4th day of October, 1886, said defendants, B. F. Smith, G. W. Wight and J. H. Waterman, were the duly elected, commissioned, qualified and acting members of and constituting the board of county commissioners of Finney county, Kansas, and that said board was then and there in Garden City, in said county and state, in session at its regular October meeting; that then and there on said day there was presented to said board of county commissioners a petition signed by a majority of the electors of the unincorporated town or village of Leoti City, in Wichita county, state of Kansas, setting forth the metes and bounds of their town, village and commons, and stating that the number of the inhabitants of said town and village

was three hundred and fifty, and praying that said town or village be incorporated as a city of the third class; with said petition, filing and presenting to said board the duly-verified affidavit of J. F. Ward, one of the publishers of the Leoti *Lance,* a weekly newspaper published and printed at Leoti City aforesaid, that said petition had been published in said newspaper at least once in each week for three consecutive weeks, to wit, on September 16, 1886, September 23, 1886, and September 30, 1886; that said board of county commissioners was satisfied on all points and requirements as set forth in sections 1 and 2, chap. LXVI, Laws of Kansas, 1886, but that said board of county commissioners wrongfully and without right refused to receive and act upon said petition and to grant the prayer thereof, on the sole ground that Wichita county, an unorganized county of the state of Kansas, was not attached to Finney county for judicial purposes.

"Plaintiffs further aver that at the regular July session, 1885, of said board, said county of Wichita was organized as a municipal township of Finney county; that Finney county for the two years last past, (said county being situated within the sixteenth judicial district of the state,) was the only organized county adjoining Wichita county, and was such at and during the last session of the legislature of the state of Kansas; that said sixteenth judicial district was the most convenient judicial district to Wichita county; that Wichita county has been and is attached to Finney county for judicial purposes, since February 26, 1886, and prior thereto; that it was the duty of said defendants as such board to receive and act upon said petition, and to grant said petition, and the performance of which the law specially enjoined on them as a duty, by virtue of their office, trust and station.

" Wherefore, said plaintiffs ask the court to grant, issue and award a peremptory writ of mandamus to said board of county commissioners, compelling and commanding said board to receive and act upon said petition, and to grant the prayer thereof, and make the proper order, declaring said town or village of Leoti City incorporated as a city of the third class, by the name and style of 'The city of Leoti City,' and designating in said order the metes and bounds thereof; also, to incorporate in said order an order ordering the first election in said city for city officers, designating the place where said election shall be held, and appointing three qualified electors of said city to act as judges of said election, and two other electors of said city to act as clerks, and three other electors of

said city to act as a board of canvassers of said election returns; and to forthwith enter said order at length on the journal of the proceedings of said board of county commissioners, and cause the same to be published once in some newspaper printed in said city, at least one week before said city election; and for all other and proper relief."

Subsequently, the following facts were agreed upon:

"It is hereby agreed that on the 4th day of October, 1886, said defendants, B. F. Smith, G. W. Wight and J. H. Waterman, were the duly elected, commissioned, qualified and acting members of and constituting the board of county commissioners of Finney county, Kansas; that said board was then and there in Garden City, in said county and state, in session at its regular October meeting; that then and there on said day and date there was presented to said board of county commissioners a petition signed by a majority of the electors of the unincorporated town or village of Leoti City, situated in Wichita county, state of Kansas, setting forth the metes and bounds of their town, village and commons, and stating that the number of the inhabitants of said town or village was three hundred and fifty, and praying that said town or village be incorporated as a city of the third class, with said petition filing and presenting to said board the duly-verified affidavit of J. F. Ward, one of the publishers of the Leoti *Lance*, a weekly newspaper printed and published at Leoti City aforesaid, that said petition had been published in said newspaper at least once in each week for three consecutive weeks, to wit, on September 16, 1886, September 23, 1886, and September 30, 1886; that said board of county commissioners was satisfied on all points and requirements as set forth in sections 1 and 2, chapter LXVI, Laws of Kansas, 1886, but refused to receive and act upon said petition and to grant the prayer thereof on the sole ground that Wichita county, Kansas, (which it is admitted by all parties,) is an unorganized county, and is not attached to Finney county, Kansas, for judicial purposes.

"It is further admitted, that at a previous session of said board, namely, the July term, 1885, thereof, and being a regular session, said county of Wichita was organized as a municipal township of Finney county. No objection is made by the defendants to anything in said proceedings as to fact or form, except that in view of the legislation of the past winter or session of 1886 of the legislature of the state of Kansas, to

wit, ch. 87, ch. 120 and ch. 82, Wichita county is no longer attached to Finney county for judicial purposes, and that said board of county commissioners had no jurisdiction to grant the prayer of the petition. It is further agreed, that at the time said laws were enacted, Finney county, in the sixteenth judicial district, was the only organized county adjoining Wichita county."

The opinion herein was filed January 7, 1887.

*B. F. Simpson, Webb & Spencer, Thomas H. Bain,* and *Milton Brown,* for plaintiffs.

*W. R. Hopkins,* county attorney, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: The sole question in this case is, whether the county of Wichita — which is unorganized — is within the sixteenth, or the twenty-third judicial district of the state.

At the regular July session of the board of county commissioners of Finney county, held in 1885, the county of Wichita was organized as a municipal township of that county. Finney county is situated within the sixteenth judicial district, and is the only organized county adjoining Wichita county. By the provisions of chapter 87, Laws of 1886, approved February 18, 1886, and which took effect February 19, 1886, Wichita county was attached to Finney county for judicial purposes. Chapter 120 of the Laws of 1886, approved February 19, 1886, and which took effect February 20, 1886, created the twenty-third judicial district, comprising the organized counties of Rush, Ness, Ellis, and Trego, and the unorganized counties of Gove, St. John, Wallace, Lane, Scott, Greeley, and Wichita. It was therein provided that the terms of the district court of that judicial district should commence in the counties of Gove, St. John, Wallace, Lane, Scott, Greeley, and Wichita, after the same had been organized, at such time as the judge of the district should order. By the provisions of chapter 81, Laws of 1886, approved February 20, 1886, and which took effect

February 26, 1886, the county of Wichita was again attached to Finney county for judicial purposes.

The constitution of the state ordains that provision may be made by law for the increase of the number of judicial districts whenever two-thirds of the members of each house shall concur. Such districts shall be formed of compact territory and bounded by county lines, and such increase shall not vacate the office of any judge. (Art. 3, § 14.) New or unorganized counties shall by law be attached for judicial purposes to the most convenient judicial district. (Art. 3, § 19.)

As Wichita county adjoins Finney on the north, and is an unorganized county, the legislature had ample power under the constitution to attach that county to the judicial district embracing Finney county.

It will be conceded that the legislature had the authority to organize the sixteenth judicial district so as to comprise Wichita county. On the 19th of February the twenty-third judicial district was created, comprising certain organized counties, and also certain unorganized counties, including Wichita, with the provision, however, that courts should not be held in the unorganized counties until after the same had been organized, and at such time as the district judge should order. The act of February 20th, attaching the county of Wichita to Finney for judicial purposes, is the latest expression of the legislature, and as Finney county is a part of the sixteenth judicial district, the act attaching Wichita county to Finney county for judicial purposes attaches it to the sixteenth judicial district, and thereby puts Wichita county, for judicial purposes, within the sixteenth judicial district.

Such construction does not violate any provision of the constitution of the state, and certainly gives full effect to the intent and purpose of the legislature. (*In re Holcomb*, 21 Kas. 628; *The State v. Ruth*, 21 id. 583; *Ex parte Crawford*, 12 Neb. 379.) Such construction does not repeal ch. 120, Laws of 1886, nor destroy the twenty-third judicial district created thereby, but it determines that the county of Wichita is not a part of that

district under the terms of said ch. 81, approved later than said ch. 120.

Let the peremptory writ of mandamus be issued as prayed for.

All the Justices concurring.