STATE OF NEBRASKA, EX REL. BARRETT SCOTT, V. J. G. CRINKLAW, SHERIFF.

FILED JUNE 5, 1894. No. 6871.

1. **Habeas Corpus.** The writ of *habeas corpus* is not a corrective remedy, and is never allowed as a substitute for appeal or writ of error.

2. **Jury: CRIMINAL LAW: CONSTITUTIONAL LAW.** The object of the provision in section 11 of the bill of rights, for the trial of criminal prosecutions in the county or district where the crime is alleged to have been committed, was to embody in the fundamental law of the state the rule of the common law by which the accused was entitled to a trial before a jury of the vicinage or neighborhood, in order that he might have the benefit of his good character.

3. **Criminal Law: JURISDICTION OF COURTS.** By the word "district," as used in the section named, is not meant judicial district, but that portion of the territory of the state over which a

court may at a particular sitting exercise power in criminal matters. (*Olive v. State*, 11 Neb., 1.)

4. ———: ———. The word "district," as used therein, may, and generally does, refer to the county where the crime is supposed to have been committed, but also includes any and all territory, by law, attached to such county for judicial purposes.

5. The constitutional right to a trial before a jury of the county or district where the crime is alleged to have been committed is a mere personal privilege of the accused, and not conferred upon him from any considerations of public policy.

6. Criminal Law: CONSTITUTIONAL RIGHTS OF ACCUSED: WAIVER. It follows that such right may be waived by the accused, and in practice will be held to be waived by an application for a change of venue under the provisions of the Criminal Code.

ERROR from the district court of Antelope county. Tried below before ROBINSON, J.

See opinion for statement of the case.

*Brome & Jones* and *R. R. Dickson*, for plaintiff in error:

The imprisonment of plaintiff in error in the common jail of Antelope county is unlawful, for the reason that the district court of Antelope county could not acquire jurisdiction of the cause pending against plaintiff in error, or of his person, except with his consent. (Bill of Rights, sec. 11; *State v. Knapp*, 19 Pac. Rep. [Kan.], 728; *Wheeler v. State*, 24 Wis., 52.; *Osborn v. State*, 24 Ark., 629; *Swart v. Kimball*, 43 Mich., 443.)

*George H. Hastings, Attorney General,* and *N. D. Jackson, contra,* cited: *Shaw v. Cade*, 54 Tex., 307; *Harrison v. State*, 3 Tex. App., 558; *Brown v. State*, 6 Tex. App., 286; *Ex parte Hodges*, 59 Ala., 305; *Olive v. State*, 11 Neb., 3; *Jenkins v. California Stage Co.*, 22 Cal., 538; *Lynes v. Eldred*, 47 Wis., 426; *State v. Hale*, 65 Ia., 575; *Baxter v. People*, 7 Ill., 578.

State v. Crinklaw.

Post, J.

The plaintiff in error, who had previously been arrested on an indictment found by the grand jury of Holt county within the fifteenth judicial district, charging him with the crime of embezzlement, applied to the district court of said county for a change of venue to some other county of the same district. His application was by motion, on the ground that a fair and impartial trial could not be had in Holt county. The court found the showing accompanying said motion to be sufficient, and that the prisoner was entitled to a change of venue; and accordingly ordered the place of trial to be changed to Antelope, an adjoining county within the ninth judicial district. The prisoner, still insisting upon a change of venue, excepted to the order naming as the place of trial a county outside of the fifteenth district. Subsequently, having been delivered to the sheriff of Antelope county and committed to the jail therein, he applied to Judge Robinson of the ninth district for a writ of *habeas corpus*, alleging that he was illegally imprisoned in the last named county. He asked to be discharged, on the ground that the order of the district court of Holt county was without authority and void, and conferred upon the court of Antelope county no jurisdiction over his person or of the prosecution against him. Upon a final hearing the writ was denied and the prisoner remanded to jail, whereupon the cause was removed into this court by petition in error. The error assigned is the denial of the writ of *habeas corpus*, and presents for consideration a single question, viz., did the district court of Holt county, in changing the place of trial to a county of another district, exceed its jurisdiction? The writ of *habeas corpus* is not a corrective remedy, and is never allowed as a substitute for an appeal or writ of error. If, therefore, the order in question was authorized by law or is erroneous, in the sense that the remedy therefor is in the usual course by appel-

late proceedings, the writ was properly denied. The reliance of the plaintiff in error is upon the provision contained in section 11 of our bill of rights, viz.: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

The provision of the Criminal Code for change of venue is found in section 455, viz.: "All criminal cases shall be tried in the county where the offense was committed, unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein, in which case the court may direct the person accused to be tried in some adjoining county." Naturally, the first inquiry suggested in this connection is the interpretation to be given the word "district" in the section of the bill of rights above quoted. Counsel for plaintiff in error insist that, according to the natural and only reasonable construction thereof, it must be held to mean judicial districts. In support of that contention we are referred to the case of *State v. Knapp*, 19 Pac. Rep. [Kan.], 728. That case, we concede, is in point and fully sustains the claim of counsel in this; and if the question were a new one in this state we might without hesitation follow so eminent an authority as the supreme court of Kansas; but we cannot, when viewed in the light of our own decisions, regard the question as an open one in this jurisdiction. The precise question here involved was carefully considered in the case of *Olive v. State*, 11 Neb., 1, in which the conclusion was reached that by the term "district," as here used, is meant the precise portion or division of the territory of the state over which the court may, in criminal matters, exercise power at any particular sitting; and to that construction we are satisfied to adhere. We know, judicially, that at the time of the adoption of the present constitution in 1875 nearly if not quite one-half of the territory of this state was outside of

the organized counties and was known as "unorganized territory." By general law then in force such territory was for judicial purposes attached to adjoining organized counties. In the case cited Olive was charged with the crime of murder alleged to have been committed in the unorganized territory directly west of Sherman county, and attached thereto for judicial purposes. It was held, in effect, that the county above named, together with such unorganized territory, constituted a trial district, and that an act of the legislature which denied to the accused a jury drawn from said district was violative of the constitution and void; and that conclusion, viewed in the light of conditions existing when the constitution was framed, is not only reasonable, but appears to be a natural and logical inference from the provision thereof under consideration. It is important while pursuing the present inquiry to keep in view the object of that provision. As said by Judge LAKE in *Olive v. State,* the grand design thereof is to secure to the accused a trial by a jury from the vicinage or neighborhood where the crime is supposed to have been committed. By the term "vicinage," at common law, was meant "the county where the act is committed." (4 Black., Com., 350.) It should be remembered, too, in this connection that the constitution of 1866 contained no such provision as the one under consideration. The object then, as we have seen, was to embody in the fundamental law of the state an ancient rule of the common law by which is secured to the accused, in criminal cases, a substantial right. The idea that it was intended to include the territory within which the accused is known and where his good character will avail him is a reasonable one, and consistent with recognized principles of the law; but if held to apply to and include the territory of a judicial district, the reason of the rule appears to be wanting. By another provision of the constitution of 1875 the state was divided into judicial districts, some of which included territory hundreds of miles

in extent. A construction by which a trial district is held to apply to such an extent of territory to us appears neither reasonable nor logical. It is a fact, attested by the judicial history of the state, that citizens were, prior to the adoption of the present constitution, put upon trial before juries of strangers, at distant places, in some instances hundreds of miles from their homes, although within the judicial district where the crimes were supposed to have been committed. That practice appears to have been the particular evil for which the provision before us was designed 'as a remedy. By that provision the right of trial before a jury of the vicinage, not expressly recognized by the first constitution, and actually denied in some instances, was preserved without repealing the provisions for trial for crimes committed in the unorganized territory. (*Ex parte Crawford,* 12 Neb., 379.) It follows that while the word "district," as used in the bill of rights, may, and generally does, refer to the county where the crime was committed, it also includes any and all territory attached thereto for judicial purposes. It follows, also, that it cannot be held to mean the judicial district within which the prosecution was commenced.

2. The right of trial within the county or district is a mere personal privilege of the accused and not conferred upon him from any consideration of public policy. It may, therefore, be waived by him, and in practice must be held to be waived by an application for a change of venue under the provisions of our Criminal Code. (Bishop, Criminal Procedure, 50; *State v. Potter,* 16 Kan., 80.) As already intimated, the question of the regularity of the proceedings before the district court of Holt county is not involved in the present controversy. It is sufficient for the purpose of this case that the court, in changing the place of trial to Antelope county, did not exceed its jurisdiction and its order is not therefore void. The judgment of the district court is

AFFIRMED.