THOMAS E. POULSOM v. STATE OF NEBRASKA.

FILED SEPTEMBER 29, 1925. No. 24497.

Information: SUFFICIENCY: VENUE. An information in a case of felony which lacks any allegation that the crime charged was committed within the jurisdiction of the court is vulnerable to a general demurrer.

ERROR to the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*D. W. Livingston* and *A. P. Moran*, for plaintiff in error.

*O. S. Spillman, Attorney General*, and *Lester L. Dunn, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and THOMPSON, JJ.

PER CURIAM.

Defendant prosecutes error from a conviction had in the district court for Otoe county on an information charging a violation of section 9616, Comp. St. 1922, as amended by chapter 91, Laws 1923, in that defendant received and had in his possession an automobile, knowing the same to have been stolen.

The information contains no allegation which, either directly or indirectly, alleges that defendant received or had the car in his possession in Otoe county.

At the opening of the trial defendant filed a general demurrer to the information, which was overruled by the

court.  The correctness of this ruling is presented for review.

To sustain the ruling of the trial court the attorney general cites *Bartley v. State,* 53 Neb. 310, *Dunn v. State,* 58 Neb. 807, and *Fussell v. State,* 102 Neb. 117.  In the first case cited, *Bartley v. State, supra,* the rule is announced: "An information, in the caption and venue of which a given county and state are named, which charges that the defendant 'in the county aforesaid, then and there being in said county,' did commit a given crime, sufficiently alleges, that the offense was committed in the county stated in the caption and venue."  The succeeding cases have merely followed that rule.  In the instant case the title and caption are not made a part of the information by reference, or otherwise, and the cases cited by the state are not in point. The rule is well settled that, to confer jurisdiction upon the court for the trial of an offender, the indictment or information must allege specifically that the the crime was committed within the jurisdiction of the court.  *McCoy v. State,* 22 Neb. 418.

It was error for the court to overrule the demurrer, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED.