STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. DUANE FURSTENAU, DEFENDANT IN ERROR.

93 N. W. 2d 384

Filed November 5, 1958. No. 34453.

*Clarence S. Beck,* Attorney General, and *Betty Peterson Sharp,* for plaintiff in error.

*John F. Kerrigan,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

SIMMONS, C. J.

This case comes here under the provisions of section 29-2314, R. R. S. 1943, on a bill of exceptions taken by the county attorney of Otoe County. The court appointed John F. Kerrigan to argue the case against the county attorney pursuant to the above statute.

Following a preliminary hearing, the defendant was on October 9, 1957, charged in the district court for Otoe County in that he did "unlawfully, wilfully, maliciously, feloniously and forcibly break and enter into a warehouse occupied by the Gangel Oil Company, with the intent of him the said Duane L. Furstenau, then and there to steal property of value contained in said building."

On November 8, 1957, there was filed in the district court for Dodge County an information charging that defendant did "willfully and maliciously in the night season enter a warehouse building occupied by Gangel Oil Company in Nebraska City, Otoe County, Nebraska, and did then and there steal property of value, to wit: 150 tires, and did then and there forthwith transport said tires into the County of Dodge and State of Nebraska, and did then and there conceal them and convert them to his own use in accordance with a conspiracy entered into with Raymond LeRoy Clark and Jack Smith."

On the same day "In the District Court of Dodge County" according to the journal entry, defendant appeared, "being charged by amended information with the crime of Feloniously Entering Building," and entered a plea of guilty to the amended information and to the crime charged therein. The court found the defendant guilty of the "crime of feloniously entering building, 28-533" and took under advisement the matter of sentence. The defendant, then, in the Otoe County pro-

ceeding, entered a plea in bar wherein he alleged that in Dodge County on November 8, 1957, he "was found guilty on an amended information charging him with. violation of Section 28-533 of the Revised Statutes of Nebraska for 1943 as amended as appears in certified copy of said information and journal entry thereon which is attached hereto and made part hereof by reference the same as if fully set forth herein. That the offense with which this defendant is here charged is included within the information of which this defendant has been charged and convicted in Dodge County, Nebraska."

The State answered and, among other allegations, alleged "That the District Court of Dodge County, Nebraska was without jurisdiction to enter such judgment."

The trial court sustained the plea in bar and discharged the defendant.

The State assigns error in the ruling.

We sustain the assignment for the reasons here given.

Defendant admits participating in the planning of the crime; that he secured the truck by which the stolen goods were transported from Otoe County to Dodge County; and that he there assisted in concealing and selling part of the stolen property in Dodge County. He contends, however, that he was not in Otoe County and had no participation in the offense there committed. It is the State's contention the prosecution may be had in Otoe County under the aiding and abetting statute, section 28-201, R. R. S. 1943.

We do not find these contentions material to the decision here, but state them as a background to the question here presented.

We think it patent that the finding of guilt entered in the district court for Dodge County was directed to and involved only the offense charged as having occurred in Otoe County. The defendant so construed it in his plea in bar above quoted.

The question then arises: Did the district court for Dodge County have jurisdiction of that offense?

The 1866 Constitution provided for the creation of district courts, and in Article IV, section 3, provided in part: "* * * the supreme and district courts shall have both chancery and common law jurisdiction"; and in section 4, "The jurisdiction of the several courts herein provided for both appellate and original shall be fixed by law: * * *." The present constitutional provision is: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the legislature may provide; * * *." Art. V, § 9, Constitution of Nebraska.

Article I, section 7, of the 1866 Constitution provided in part: "In all criminal prosecutions and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury; * * *." Article I, section 11, of the 1875 Constitution contained an amended provision that: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

We set out the reasons for this change in State v. Crinklaw, 40 Neb. 759, 59 N. W. 370, wherein we stated: "It is a fact, attested by the judicial history of the state, that citizens were, prior to the adoption of the present constitution, put upon trial before juries of strangers, at distant places, in some instances hundreds of miles from their homes, although within the judicial district where the crimes were supposed to have been committed. That practice appears to have been the particular evil for which the provision before us was designed as a remedy."

It would appear that Dodge v. People, 4 Neb. 220, was such a case for there the defendant was accused of murder in unorganized Chase County and was put to trial in Otoe County.

We now refer to our decisions, bearing in mind that many of them were written by a court cognizant, through its own experiences, with the development of the constitutional and statutory provisions here involved.

In Dodge v. People, *supra*, we held: "At common law in general, offenses could be inquired into as well as tried, only in the county where they were committed. * * * Yet there were many exceptions to the rule. * * * Section four hundred and fifty-five of the criminal code provides, that all offenses shall be tried in the county in which they are committed, unless for cause the venue is changed."

By the Criminal Code enacted in 1873 it was provided: "All criminal cases shall be tried in the county where the offense was committed, unless it shall appear to the court by affidavits that a fair and impartial trial cannot be had therein; in which case the court may direct the person accused to be tried in some adjoining county." § 455, G. S. 1873.

The above language has remained unchanged in the statutes except for amendments enacted in 1957 which are not material here. See, §§ 29-1301 to 29-1301.03, R. S. Supp., 1957.

We are mindful of the provisions of section 24-302, R. R. S. 1943, that: "The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided."

Here we are dealing with a case where jurisdiction is "otherwise provided."

Olive v. State, 11 Neb. 1, 7 N. W. 444, was a case dealing with the jurisdiction of the court. In announcing a conclusion in the course of the opinion we held: "And this is in entire accord with our constitutional system of district courts, *by which one is designed for each organized county having criminal jurisdiction co-extensive therewith, * * *.*" (Emphasis supplied.)

The syllabus is: "A district court while sitting in one

county has no jurisdiction over crimes committed in other organized counties."

In Ex parte Crawford, 12 Neb. 379, 11 N. W. 494, we had a case where the crime was committed in the unorganized territory of the state lying directly west of Holt County. The unorganized territory involved had been attached to Holt County for "election, judicial, and revenue purposes." Crawford was held by the sheriff of Holt County. He sought release by habeas corpus. We held that: "* * * not only that the district court, when sitting in Holt county, has jurisdiction to try the prisoner for the crime charged, but that, unless through a change of venue made at his request, he can be lawfully tried in no other."

In McCoy v. State, 22 Neb. 418, 35 N. W. 202, we had a case where a person was charged with an offense, with no allegation as to county or state in which the alleged crime was committed. We held: "* * * it is elementary that to confer jurisdiction upon the court for the trial of an offender the information or indictment must allege specifically that the crime was committed within the jurisdiction of the court."

The analysis above made of constitutional provisions, statutes, and decisions demonstrates that the jurisdiction of the offense here involved rests in the district court for Otoe County and can only be removed therefrom by change of venue in the statutory method.

But defendant contends that the rights here involved are privileges personal to him and can be waived. He relies on the rule last stated in Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716, which is: "The rights guaranteed to an accused in a criminal prosecution by Article I, section 11, of the Constitution of Nebraska are all personal privileges and not having been conferred from any consideration of public policy are not inalienable but may be insisted upon or abandoned at pleasure."

The defendant overlooks the fact that we are here dealing with the jurisdiction of the court over the sub-

ject matter. The law alone confers jurisdiction of the subject matter. Michaelson v. Beemer, 72 Neb. 761, 101 N. W. 1007.

But defendant, contending that the rule of waiver relates to all rights guaranteed by the constitutional provision, relies on some of our decisions which he contends apply the rule of waiver to matters of jurisdiction to try crimes in counties other than the one where the offense was committed. We accordingly review our cases as to that matter.

In Gandy v. State, 27 Neb. 707, 43 N. W. 747, the defendant was accused of a crime in Richardson County. He applied for and secured a change of venue to Pawnee County. In the latter county he sought a change of venue to "another county and a strange place." It was held that such a change was unauthorized. We adopted the language from State v. McGehan, 27 Ohio St. 280, after first pointing out that our statute was identical with that of Ohio, and held: "The statute as to change of venue in criminal cases confers upon the district court in the county where the offense was committed power to order a change of venue to an adjoining county, but such power is confined to the jurisdiction of the county where the offense was committed."

The result of the holding is that the jurisdiction of the subject matter is in the court of the county where the offense was committed. That court has the power to order a change of venue but none other. The effect of the decision is to hold that a defendant cannot waive the venue provided by statute nor select the court where he is to be tried.

In State v. Crinklaw, *supra,* it was held that the right of trial in the county where the offense was committed was a personal privilege and could be waived by the accused and was held to have been waived by an application for a change of venue. It is material to note, however, that in this case the court where the offense was committed had jurisdiction of the subject matter

and the person of the defendant. The waiver was had by a statutory proceeding from the court that had jurisdiction of the subject matter to another court for trial.

In McCarty v. Hopkins, 61 Neb. 550, 85 N. W. 540, the defendant was charged in Sarpy County with the commission of a felony. Later he appeared before the district court for Douglas County, in chambers, where he pleaded guilty and was sentenced. The sentencing court proceeded under authority of a statute quoted in the opinion. We held that McCarty had waived the right of trial in Sarpy County where the crime was alleged to have been committed, saying that: "The right of an accused person to be tried by a jury drawn from the county or district in which the prosecution was initiated" is a personal privilege and may be waived. Here again jurisdiction of the subject matter and the accused was first had in the county where the offense was committed.

In Kennison v. State, 80 Neb. 688, 115 N. W. 289, the defendant was found guilty of murder in the second degree in a trial held in Scotts Bluff County, the county where the crime was alleged to have been committed. The judgment was reversed and the cause remanded. In Kennison v. State, 83 Neb. 391, 119 N. W. 768, the cause came on for trial again in Scotts Bluff County and at defendant's request a change of venue was had to Kimball County. Kimball County was not an adjoining county. Defendant first challenged the jurisdiction of the district court for Kimball County in his brief here. We held that he had waived his right of trial to a jury in the county where the crime was committed. Here again it is to be noted that before the change of venue was had the district court for Scotts Bluff County, where the crime was committed, had obtained jurisdiction of the subject matter and the defendant.

The constitutional provisions herein discussed, the statutes, and our decisions, all lead to these conclusions.

The provision of section 29-1301, R. R. S. 1943, pro-

viding that "all criminal cases shall be tried in the county where the offense was committed unless * * *" relates to the jurisdiction of the court over the subject matter of the offense.

Before any other district court for any county of the state has jurisdiction to try a criminal case, the court for the county where the offense was committed must first secure jurisdiction of the subject matter by proper charges filed therein. Trial in any other county must have that foundation as a basis of jurisdiction of the cause.

This conclusion is sustained by our holding in Poulsom v. State, 113 Neb. 767, 205 N. W. 252, that "to confer jurisdiction upon the court for the trial of an offender, the indictment or information must allege specifically that the the (sic) crime was committed within the jurisdiction of the court."

It is sustained likewise by the provisions of section 29-1602, R. R. S. 1943, that: "All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant."

This statute does not authorize an information to be filed in the district court for any county in the state by any county attorney who elects to do so.

Our conclusion is further sustained by the provision of section 23-1201, R. S. Supp., 1957, which makes it the duty of the county attorney to appear, prosecute, or defend, on behalf of the county or state, all suits, applications, or motions, civil or criminal, which may have been transferred by change of venue from his county to any other county in the state.

It is further sustained by the provisions of section 29-1302, R. R. S. 1943, providing that when a change of venue is had, the clerk of the court shall make a certified transcript of the proceedings, which together with the original indictment shall be transmitted to the clerk of the court to which the venue is changed, and the trial

shall be conducted in all respects as if the offender had been indicted in the county to which the venue has been changed.

We had this statute before us in Barr v. State, 45 Neb. 458, 63 N. W. 856, wherein the crime was committed in Stanton County and trial was had on a change of venue to Cuming County. We there held: "* * * it is plain that the district court to which the venue in a criminal prosecution has been changed can acquire jurisdiction of the cause only by the filing in the office of the clerk of said court a certified transcript of the proceedings had in the case in the court ordering a change of the place of trial, together with the original indictment or information. It is obvious that jurisdiction of the offense charged in the information could not be conferred upon the district court of Cuming county in any other mode than that pointed out by statute."

Our conclusion is further sustained by the provision for the payment of costs "by the county in which the indictment was found" as provided in section 29-1302, R. R. S. 1943, and by the provisions in sections 29-1303 and 29-1304, R. R. S. 1943, providing upon a change of venue for the transfer of a prisoner to the jail of the county where he is to be tried and for the recognizance of witnesses to appear before the court in which the prisoner is to be tried.

Section 29-1307, R. R. S. 1943, provides: "Whenever any person shall be liable to prosecution as the receiver of any personal property that shall have been feloniously stolen, taken or embezzled, he may be indicted in any county where he received or had such property, notwithstanding the theft was committed in another county."

Obviously this does not authorize the prosecution under section 28-533, R. R. S. 1943, in another county than that where the crime was committed, except on a change of venue.

It follows that the charges in Dodge County of an

offense committed in Otoe County under the circumstances here did not confer jurisdiction on the district court for Dodge County to try the cause here involved.

The exception of the county attorney herein discussed is sustained.

All costs are taxed to Otoe County.

EXCEPTIONS SUSTAINED.

WENKE, J., participating on briefs.