(No. 40085.—

The People of the State of Illinois, Appellee, *vs.* James Williams, Appellant.

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

522

WARD, J., took no part.

R. EUGENE PINCHAM and CHARLES EVINS, both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A complaint filed in the circuit court of Cook County charged the defendant, James Williams, with the offense of unlawful use of weapons. (Ill. Rev. Stat. 1965, chap. 38, par. 24—1(a)(2).) He waived a jury trial, was tried before the court, found guilty, and sentenced to imprisonment for three months. The second division of the Appellate Court, First District, affirmed the conviction, (69 Ill. App. 2d 55) thus reaching a result contrary to that which had been reached by the third division of that court in *People* v. *Hill,* 68 Ill. App. 2d 369.

The defendant's sole contention is that the complaint is void because it did not allege the county in which the offense was committed. The complaint is as follows:

523

STATE OF ILLINOIS   )           THE CIRCUIT COURT
                    }  ss.       OF COOK COUNTY
COUNTY OF COOK      )           NO.

COMPLAINT

GENE MOTYKA, complainant, now appears before The Circuit
Court of Cook County and in the name and by the authority of the
People of the State of Illinois states that *JAMES WILLIAMS*
has, on or about *Jan. 6, 1965* at *900 S. Winchester* committed the
offense of *UNLAWFUL USE OF WEAPONS* in that he *carried
a dangerous knife concealed in his boot with the intent to use said
knife unlawfully against another,* in violation of Chapter *38* Sec-
tion 24-1A2 ILLINOIS REVISED STATUTE AND AGAINST
THE PEACE AND DIGNITY OF THE PEOPLE OF THE
STATE OF ILLINOIS.

(signed)  Gene Motyka

STATE OF ILLINOIS   )
                    }  SS.
COUNTY OF COOK      )

GENE MOTYKA

being duly sworn, on his oath, deposes and says that he has read
the foregoing complaint by him subscribed and that the same is
true.

(signed)  Gene Motyka"

(The italicized portions were inserted by typewriter on the
printed complaint form.)

Section 9 of article II of the constitution of Illinois
guarantees a defendant the right to be tried in "the county
or district in which the offense is alleged to have been com-
mitted." The only allegation as to the place of the offense
in the body of this complaint is that it occurred at "900 S.
Winchester." No city or county is named in the body of the
complaint, although the complaint was verified in Cook
County, and there are other references to that county and
its circuit court. The defendant does not contend that the
venue was in fact improper, that it was not adequately
proved, or that he was in any way prejudiced by the failure
to allege in the body of the complaint the county in which

the offense was committed. The record does not suggest that the contention advanced upon appeal was in any way presented to the trial court.

This court has held that the county in which the offense is alleged to have been committed must be stated in an indictment with sufficient precision that the court may see that it has jurisdiction of the offense. (*People* v. *Strong,* 363 Ill. 602.) In this respect venue has been regarded as a matter of substance, and has been given a jurisdictional cast. (*People* v. *Powell,* 353 Ill. 582.) While the formal requirements governing proof of venue have been relaxed (*People* v. *Pride,* 16 Ill.2d 82; *People* v. *Allen,* 413 Ill. 69; *People* v. *Long,* 407 Ill. 210), the requirements governing its allegation apparently remain unaltered.

If we look at the entire complaint in this case, the conclusion seems unmistakable that the complainant is describing an event that took place in Cook County. (*Cf. People* v. *Pride,* 16 Ill.2d 82.) Only by consciously refusing to look at the numerous references to that county, and concentrating solely upon the fact that the designation of that county does not follow the street address, is it possible to engender doubt. But we are not confined by precedent to a focus so narrow. It has indeed been held that defects in the caption do not invalidate an indictment, (*People* v. *Sellers,* 30 Ill.2d 221,) and that in cases of variance between the caption and the body of an indictment it is the body that controls. And in that context it has been said that the caption is no part of the indictment. (*People* v. *Shaw,* 300 Ill. 451; *George* v. *People,* 167 Ill. 447.) On the other hand *Duncan* v. *People,* 2 Ill. (1 Scam.) 456, seems to suggest that a deficiency in a count of an indictment may be supplied by reference to the caption. In any event we are not aware of any decision of this court holding that the caption of a charging document must be ignored when there is no conflict between the caption and the body of the complaint.

Where, as in this case, there is no conflict between the

caption and the body of the charge, no suggestion that the venue was improper or improperly proved, and no showing of prejudice to the defendant, we see no reason to refuse to read the caption as part of the complaint. So read, the complaint sufficiently designates the county in which the offense was alleged to have been committed.

The other contention raised by the defendant was properly disposed of by the appellate court, and need not be discussed. The judgment of the appellate court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.