**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Martin J. STEINER,**
**Defendant-Appellant.**

**No. 80CA0265.**

Colorado Court of Appeals,
Div. III.

Aug. 20, 1981.

Rehearing Denied Sept. 3, 1981.

Certiorari Denied Feb. 1, 1982.

J. D. McFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Marks & Olom, Jonathan L. Olom, Denver, for defendant-appellant.

KELLY, Judge.

Following a jury trial, Martin J. Steiner was convicted of inducing a person under the age of 25 years to use a narcotic drug, possession of a narcotic drug, and sale and dispensing a narcotic drug. The defendant argues that five counts of the criminal information were void for failure to allege the location of the offenses charged, that the People did not prove beyond a reasonable doubt that the substance at issue was cocaine, and that the trial court erred in not requiring the People to elect a particular transaction upon which they would rely for conviction. We affirm in part and reverse in part.

The defendant was charged with five counts of inducing persons under 25 years of age to use a narcotic drug, in violation of § 12–22–322(1)(c) and (2)(c), C.R.S.1973, (1978 Repl.Vol. 5), two counts of possession of a narcotic drug, in violation of § 12–22–302 and 322(2)(b), C.R.S.1973 (1978 Repl. Vol. 5), and three counts of sale and dispensing a narcotic drug, in violation of § 12–22–302 and 322(2)(b), C.R.S.1973 (1978 Repl.Vol. 5). In every count, the narcotic drug at issue was cocaine. No direct evidence was introduced to prove that the substance was cocaine. Two counts of inducing a person under 25 years of age to use a narcotic drug were dismissed at the close of the People's case. The defendant was found not guilty of two other counts of inducing persons under 25 years of age to use a narcotic drug. The defendant was convicted of one count of inducing a person under 25 years of age to use a narcotic drug, two counts of possession of a narcotic drug, and three counts of sale of a narcotic drug.

■ Counts 6 through 10 of the information filed against the defendant, charging unlawful sale and possession of a narcotic drug, were added by amendment. The motion to add these counts was captioned: "In the District Court, County of Pitkin, State of Colorado." Each count was listed separately and contained a description of the offense charged as well as a reference to the relevant section of the statute. How-

ever, there was no allegation in the counts concerning the location of the offense, either by county, state, or country. We agree with the defendant that failure to allege that the offenses were committed within the jurisdiction of the court rendered counts 6 through 10 defective, and, as a result, the court was without jurisdiction as to these counts.

█ A defendant charged with a crime must be brought into court on a complaint, information, or indictment made or found according to the requirements of the law. *Bustamante v. People*, 136 Colo. 362, 317 P.2d 885 (1957). The information concerning these counts violated Crim.P. 7(b), which states in pertinent part:

"(2) Requisites of the Information. The information shall be deemed technically sufficient and correct if it can be understood therefrom:

. . . .

(III) That the offense is committed within the jurisdiction of the court, or is triable therein;

(IV) That the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction."

█ The information must answer the questions of who, what, where, and how. *People v. Tucker*, Colo., 631 P.2d 162 (1981). When an information fails to allege where the offense was committed, and thus, that it occurred within the jurisdiction of the court, it fails to state facts sufficient to confer jurisdiction upon the district court of the county in which it is filed to try the defendant. *State v. Mowrey*, 91 Idaho 693, 429 P.2d 425 (1967). This failure, being fatal to the sufficiency of the information, see *People v. Garner*, 187 Colo. 294, 530 P.2d 496 (1975), cannot be cured by evidence tending to show where the crime was committed. *Application of Alexander*, 80 Nev. 354, 393 P.2d 615 (1964).

█ The caption of the People's motion referring to the Pitkin County District Court, without any words of incorporation, does not cure the defect. Although one count in an information may, by proper reference, incorporate the allegations more fully set forth in another count, such reference must be clear, specific, and leave no doubt as to what provision is intended to be incorporated. *Martinez v. People,* 163 Colo. 503, 431 P.2d 765 (1967). This same rule is applicable to incorporating the caption. *Poulsom v. State*, 113 Neb. 767, 205 N.W. 252 (1925). Absent a clear and specific incorporation by reference, each count of an information must be independent of the others, and in itself charge the defendant with a distinct and different offense.

Accordingly, the failure to allege where the offense occurred rendered counts 6 through 10 fatally defective.

The defendant next argues that the evidence was insufficient to establish that the substance involved was in fact cocaine. This argument is without merit.

█ Chemical tests are not necessary in all cases to prove that a particular substance is a narcotic drug. *People v. Lake*, 195 Colo. 454, 580 P.2d 788 (1978). The People may prove that a substance is cocaine through circumstantial evidence. *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979).

█ The evidence at trial showed that the defendant represented the substance to be cocaine on various occasions; it was exchanged in the privacy of the defendant's room; it was sold in small quantities at a high price and was normally packaged in small envelopes. Two witnesses testified that the defendant performed a field test on the substance and described the reaction. An expert witness for the People, in response to a hypothetical question incorporating the testimony of the various juveniles concerning the effect of the substance on them, stated that, with a reasonable degree of medical certainty, the substance was in fact cocaine. Another expert testified that the field test performed is a reliable test for cocaine and his description of how cocaine would react under this test matched the description given by the other two witnesses.

This evidence "is substantial enough to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt." *People v. Pratt*, 191 Colo. 362, 553 P.2d 70 (1976).

The defendant's argument that the trial court erred by not requiring sua sponte that the People elect which transactions they were proceeding on for conviction where many illegal transactions were alleged in each count was not raised in his motion for new trial. Accordingly, this matter may not be raised on appeal. Crim.P. 33(a); *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1979).

The judgment is reversed as to counts 6 through 10, and the cause is remanded with directions to dismiss these counts and vacate the defendant's sentence on these counts. The judgment of conviction on the remaining count is affirmed.

SMITH, J., concurs.

BERMAN, J., concurs in part and dissents in part.

BERMAN, Judge, concurring in part and dissenting in part:

Crim.P. 2 requires that the rules be "construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Section 16–5–202, C.R.S.1973 (1978 Repl. Vol. 8), provides in pertinent part that an "information is sufficient if it can be understood therefrom: (c) [t]hat the offense was committed within the jurisdiction of the court, or is triable therein." *See also* Crim.P. 7(2)(III).

Each of counts one through five of the information charged offenses in violation of § 12–22–322(1)(c) and 12–22–322(2)(c), C.R. S.1973 (1978 Repl.Vol. 5). The amendment of counts six through ten added charges of violation of sections 12–22–302 and 12–22–322(2)(b), C.R.S.1973 (1978 Repl.Vol. 5). The five amendments in question were made by written motion headed with the caption "IN THE DISTRICT COURT COUNTY OF PITKIN STATE OF COLORADO" and the affidavit attached and sworn to by the deputy district attorney was also headed by the caption "STATE OF COLORADO COUNTY OF PITKIN."

Since the amendment to the information was granted, we are required to read the information and the amendments together. Viewed together there can be no question that the court had jurisdiction of the crimes and that they were committed in Pitkin County, Colorado. The caption may be used to determine the venue and jurisdiction. *See Balfe v. People*, 66 Colo. 94, 179 P. 137 (1919). "[W]here, as in this case, there is no suggestion that the venue was improper or improperly proved, and no showing of prejudice to the defendant, we see no reason to refuse to read the caption as part of the complaint. So read, the complaint sufficiently designates the county in which the offense was alleged to have been committed." *People v. Williams*, 37 Ill.2d 521, 229 N.E.2d 495 (1967).

If any question still exists as to the jurisdiction of the court, the citation in each of the amended counts to the specific sections of the law which are claimed to have been violated should resolve any doubt that the violations occurred in Colorado and in Pitkin County. Our criminal statutes do not normally provide for punishment of crimes committed out of this state except for punishment as an habitual criminal, § 16–13–101, C.R.S.1973 (1978 Repl.Vol. 8), or in the case of uniform laws such as the Revised Uniform Reciprocal Enforcement of Support Act, § 14–5–101 et seq., C.R.S.1973.

I would affirm the judgment in its entirety.