**People of the State of Illinois, Plaintiff-Appellee, v. James Williams, Defendant-Appellant.**

Gen. No. 50,323.

First District, Second Division.

April 12, 1966.

Rehearing denied June 9, 1966.

R. Eugene Pincham and Charles B. Evins, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a finding and judgment entered in the Circuit Court of Cook County, January 7, 1965, wherein the appellant was found guilty of unlawful use of a weapon in violation of Ill Rev Stats 1963, c 38, § 24–1. The sole point raised in this appeal is that the complaint was defective in that venue was not alleged. The complaint is as follows:

JOSEPH J. McDONOUGH, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

STATE OF ILLINOIS ⎱
COUNTY OF COOK ⎰ ss

THE CIRCUIT COURT
OF COOK COUNTY
NO.

COMPLAINT

*GENE MOTYKA,* complainant, now appears before The Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that *JAMES WILLIAMS* has, on or about *Jan 6, 1965* at *900 S. Winchester* committed the offense of *UNLAWFUL USE OF WEAPONS* in that he *carried a dangerous knife concealed in his boot with the intent to use said knife unlawfully against another,* in violation of Chapter *38* Section 24–1A2 ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS.

*(s) Gene Motyka*
(Complainant)

57

STATE OF ILLINOIS ⎫ ss
COUNTY OF COOK ⎰

*GENE MOTYKA*

being duly sworn, on his oath, deposes and says that he has read the foregoing complaint by him subscribed and that the same is true.

*(s) Gene Motyka*

(The underlined [italicized] portions are those portions which were filled in on the complaint form.)

The appellant's objection is that the complaint does not state "the county or district in which the offense is alleged to have been committed." Article 2, sec 9, Ill Constitution. The place of the offense is alleged as 900 S. Winchester rather than Cook County. It has not been argued at any point during this appeal that the offense did not take place in Cook County, the only point made being that the appellant had a Constitutional right to have the complaint allege Cook County. It is argued that the fact the words *Cook County* appear on the form cannot cure the defect because a caption cannot be used as part of the complaint. The case is brought to us on the common law record; we do not have a transcript of the proceedings at the trial. Nothing appears in the record, nor has any point been made here that there was an objection as to venue stated in the complaint in the court below. The question has been raised for the first time on this appeal.

 We do not think that the complaint shows a substantial deficiency so as to make the judgment of conviction void. People v. Pride, 16 Ill2d 82, 156 NE2d 551 (1959) held that venue was sufficiently established when the street address was shown where the conclusion could be reached with no reasonable doubt that the offense occurred in Cook County.

58

"The statement attributed to Mr. Justice Holmes that judges need not be more naive than other men is particularly appropriate. They should use their common sense, common observation and general knowledge in considering evidence and drawing the proper inference from it. What is obvious to the layman should not be confounded by labeling it indefinite to the courts.

"When a person is within a city or village and is talking with another person within the same city or village, he will describe a location within the said city or village by merely saying at the corner of such and such streets, or within the so-many-hundred block of such street or give the exact street and number. The person who hears this incomplete address knows to what city and State the speaker is referring, since this is the common way (though not the best way) to describe locations. If the location is in some other city or village than where the speaker and listener are, the name of that other city or village will often be given for clarification. This incomplete manner of description is also common when referring to a city or village. Thus, when persons in and around Springfield, Illinois, speak to each other of Springfield they naturally mean Springfield, Illinois; if they mean Massachusetts or Missouri, they say Springfield, Massachusetts, or Springfield, Missouri.

"This method of describing locations is not used solely by the man on the street. Our city newspapers when reporting an occurrence within the city of publication merely state the street and street number where it happened. If the occurrance [sic] was outside the city, the city wherein it happened is named either in the article or the date line. There is no reasonable doubt in anyone's mind who reads the newspaper just where the occurrence took place. Local television news-broadcasters use a like descrip-

■

tion in giving locations, and business men sponsoring local television programs will often so identify the location of their business establishment.

"Describing a location by street and number is so much a part of our every day life that it cannot be ignored. A witness's testimony should not be considered in a vacuum divorced from our general knowledge as to the manner in which things are said. And so, common experience dictates that a witness testifying in Chicago, when speaking of 8900 S. Anthony Avenue, is speaking of 8900 S. Anthony Avenue in Chicago, Cook County, Illinois, although there very well may be an 8900 S. Anthony Avenue in some city other than Chicago, in some county other than Cook and in some State other than Illinois." People v. Pride, supra, pp 77, 78 of the Illinois Reporter, pp 554, 555 of the regional reporter.

While it is true that the Pride decision deals with the proof of venue at a trial, rather than an allegation of venue in a complaint, the reasoning is applicable in either instance. The caption of the complaint shows that it was sworn to in Cook County. It is only fair to assume that a person swearing to a complaint in Cook County and speaking of 900 S. Winchester, is speaking of 900 S. Winchester in Cook County.

■ We also point out that there was no question raised before this appeal was taken concerning the location of 900 S. Winchester. The purpose of requiring exactness in a complaint or indictment is to allow the defendant to prepare adequately for trial. There appears not an iota of evidence indicating that this appellant was in any way inconvenienced by the omission of *Cook County* from that portion of the complaint where the address was filled in.

There is no doubt that the elements of a crime were properly alleged, the only complaint here being that ven-

ue was not correctly set forth. Our Supreme Court in People v. Blanchett, 33 Ill2d 97, 212 NE2d 97, discussed what was necessary to allege an offense under the new Code of Criminal Procedure and noted, "It is also indicated that such matters as the time and place of the offense are 'subsidiary matters,' which are to be distinguished from the substantive matter of charging an offense." People v. Blanchett, supra, at p 98. We believe that as long as the offense was properly charged, and as long as no question was raised in the court below concerning the complaint, it is unnecessary to reverse the judgment on appeal.

■■■■■ The defendant did not bring a report of proceedings. A reviewing court will indulge every presumption in favor of the judgment and that the omitted part of the record (report of proceeding) contains that which justified the action of the court. In the absence of the report of proceedings we assume that the testimony showed that the offense was committed in Cook County, that the address given in the information, 900 S. Winchester Avenue was within the jurisdiction of the court and that the evidence supported the finding and judgment that the defendant was guilty of the offense. The nature and element of the offense were properly charged in the information as required by Section 111-3 of the Code of Criminal Procedure. This section also requires that the information state the time and place of the offense as definitely as can be done. Article 114 requires a written motion to dismiss of the defendant made prior to the trial on the ground that the county was an improper place of trial. Sections 116-1 and 116-2 require a written motion for a new trial or in arrest of judgment. The defendant did not make a motion prior to the trial or subsequent to the trial. Had he made a motion raising the point he now urges the State's Attorney would have had an opportunity to amend the information. Not having done so when he should have done

so the defendant cannot complain and he waived the point. He was tried before a judge of the county in which the offense was alleged to have been committed. Therefore his constitutional rights were not violated. We think that had the motion been made in due time it would have been the duty of the court to sustain the motion; at which time undoubtedly the State's Attorney would have moved to amend by stating the county.

We also note the cases cited by the appellant for the proposition that a caption cannot be read as part of the complaint are distinguishable from the case at bar. People v. Shaw, 300 Ill 451, 133 NE 208 (1921) dealt with a situation where the caption of an indictment gave the date as 1901 while the body of the indictment gave the true date, 1920. The court ruled that as between the two dates, the date in the body of the indictment controlled. In People v. Sellers, 30 Ill2d 221, 196 NE2d 481 (1964), the Supreme Court found that a caption "Burglary, etc." was not too indefinite where the charges were particularized in the body of the indictment. In People v. George, 167 Ill 447, 47 NE 741 (1897) there was an error in the caption which stated that the case appeared in the March 1806 term rather than 1896. The court held that the body of the indictment controlled over the caption.

We have found no case which has held that the venue requirement cannot be derived from the caption where there is no conflict between the caption of an indictment or complaint and the body. It would seem, therefore, that if there is in fact a requirement that the county of the offense be alleged in the complaint and that such a defect is not waivable, then the county is supplied by the caption. The words *Cook County* appear four times on the complaint. We see no reason to pretend that they are not there.

We are aware that this opinion is not in accord with that handed down by another division of this district,

People v. Hill, 68 Ill App2d 369, 216 NE2d 212, filed February 3, 1966, but for the reasons set forth above, we find ourselves unable to agree with our brethren on this matter. We feel the judgment should be affirmed.

Judgment affirmed.

BURKE, J., concurs.

LYONS, J., dissenting.

The only issue to be decided in the instant case is whether the failure to state a City, County or State, in the body of the complaint constitutes a jurisdictional defect. I am of the opinion it does. Because it is a jurisdictional defect, it cannot be waived by defendant and may be brought on appeal for the first time. I feel that People v. Hill, 68 Ill App2d 369, 216 NE2d 212, filed February 3, 1966, cited in the majority opinion, is dispositive of the remaining issues and for the reasons given in that case, dissent from the result reached by the majority.

ON PETITION FOR REHEARING

The appellant has argued both in his original appeal and in his petition for rehearing that the complaint was filed in the Municipal Court of Chicago. The new judicial article which went into effect at the beginning of the year 1964, makes no provision for a Municipal Court of Chicago. The complaint in this matter was filed January 7, 1965—over a year after the Municipal Court was abolished. As the complaint shows, it was filed in the Circuit Court of Cook County.

We have read the appellant's petition for rehearing and considered therein. We adhere to our original opinion and affirm the judgment of the Circuit Court.

Petition denied, judgment affirmed.

BURKE, J., concurs.

LYONS, J., dissents.