(Nos. 42552, 42553 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CHARLES J. HALL, Appellant.

*Opinion filed June 29, 1970.*

INGHRAM & DITTMEYER, of Quincy, (JOHN T. INGHRAM, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT BIER, State's Attorney, of Quincy, (FRED G. LEACH, Assistant Attorney General, and MATTHEW A. HUTMACHER, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In the circuit court of Adams County, the defendant, Charles J. Hall, pleaded guilty on September 17, 1967, to charges of theft of an automobile and escape from jail. He

was sentenced to imprisonment for concurrent terms of not less than three nor more than six years for the offense of theft, and not less than five nor more than nine years for the offense of escape.

On August 2, 1968, the defendant filed a *pro se* petition for a writ of error *coram nobis* and for a post-conviction hearing which alleged that he had been under treatment at a mental health clinic for approximately 12 months prior to the entry of his plea, and that if this fact had been known to the trial judge it would have raised a doubt as to his sanity and it would have been necessary to impanel a jury to determine whether he was mentally competent to enter pleas of guilty. Counsel was appointed to represent the defendant, and the State's motion to dismiss the petition was granted. Leave was given the petitioner to file an amended petition; the State's motion to dismiss the amended petition was granted, and the defendant has appealed.

When he entered his pleas of guilty the defendant did not mention that he had been under treatment at a mental health clinic, and when he was asked specifically at that time whether he had ever been in a mental institution or suffered from a mental disease, he replied that he had not.

A defendant has a constitutional right to have a jury impaneled to try the question of his sanity if facts existed at the time of his trial which, if presented to the trial court, would have raised a *bona fide* doubt as to his sanity. (*People v. McLain* (1967), 37 Ill.2d 173; *McDowell v. People* (1965), 33 Ill.2d 121.) In this case the defendant's amended petition and supporting affidavit state only "that for approximately 12 months, prior to the above mentioned convictions, affiant had been under treatment at a mental health clinic operated by one Dr. S. Alfred Malle, 2565 Pacific Avenue, Long Beach, California, 90806." Neither the petition nor the affidavit state how or when the defendant came to be treated, or the reason for his treatment. Neither indicates whether or how his affliction made him

unable to understand the charges against him and to cooperate with counsel before proceeding to trial. There is no supporting affidavit of a doctor or any other person connected with the clinic.

Most of the cases in this court which have involved similar questions are discussed in *People v. McLain,* 37 Ill.2d 173. It is unnecessary to restate them here. They demonstrate, in our opinion, that an allegation of mental treatment at an unspecified time and for an unspecified cause is not sufficient to require that evidence be heard to determine the mental competence of the defendant to enter his pleas of guilty. The motion to dismiss the amended petition was properly granted, and the judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*