THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. CARLYLE BRADFORD, Defendant.

(No. 55766;

First District—December 7, 1971.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Lawrence Stephen Galka, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

On August 19, 1970, defendant pleaded guilty to the crime of aggravated battery and was sentenced to the penitentiary for a term of three to nine years.

On October 9, 1970, defendant filed a notice of appeal and Lawrence S. Galka was appointed counsel. Counsel has filed a motion to withdraw on the basis that there is no merit to the appeal.

In accordance with *Anders v. California* (1967), 386 U.S. 738, counsel has submitted a brief and the transcript of the proceedings in support of his motion. The brief presents the following possible arguments which could be raised in an appeal: (a) that the trial judge erred in denying the motion to suppress identification testimony , (b) that the trial lacked jurisdiction to try the defendant, (c) that the defendant's guilty plea was not made voluntarily or intelligently, (d) that the sentence was excessive, and (e) that the defendant was insane at the time the act was committed and was incompetent to stand trial. Unless this court can conclude from an examination of the record that these arguments would be completely without factual basis, the motion cannot be granted.

■■■ Defendant's motion to suppress the identification was properly denied. We have reviewed the record and found that the victim and the two identification witnesses had more than an adequate opportunity to observe the defendant at the time of the act. They observed him for a period of three to five minutes, in close proximity and with good illumination. They furnished the police with an accurate description of the defendant. Although the victim, while in the hospital, identified the defendant from only the single photograph which was shown to her, the other eyewitnesses identified him from a series of five photographs which was shown to them. A motion to suppress identification testimony should be granted only if the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable error in identification. (*People v. Speck* (1968), 41 Ill.2d 177.) The record here would not support the argument that the motion was erroneously denied. In any event, the guilty plea waived any question of the admissibility of this evidence. *People v. McKirdie* (1970), 45 Ill.2d 300.

■■ The possible contention that the court lacked jurisdiction to try the defendant is based upon an allegation in an affidavit in support of the defendant's "Request for Leave to Appeal" stating that there was an irregularity in defendant's extradition from Kentucky for trial. We can find nothing in the record to support this contention. We also note that the power of a court to try a person on a criminal charge is not impaired by the fact that he was brought within the jurisdiction of the court by forcible abduction. *People v. Bliss* (1970), 44 Ill.2d 363.

84

■■   The record reflects that the trial court conducted a searching and thorough inquiry into the defendant's understanding of the crime he was charged with and his plea of guilty. The defendant's long colloquy with the court on this subject makes it evident that the guilty plea was voluntarily and intelligently entered and that an argument to the contrary would be without merit.

■■   A contention that the sentence was excessive would not be reasonable. The defendant had previously served a term of one to ten years in the penitentiary for burglary. The sentence in the instant case is commensurate with sentences imposed in other aggravated battery cases where the circumstances were similar.

■■   The defendant did not file any pleadings in response to this motion and several notices. However, defendant did write to this court urging that he was not afforded a hearing to determine his competency to stand trial. He cited Ill. Rev. Stat. 1969, ch. 38, par. 104—2, which requires a jury determination of the defendant's competency if the court has any reason to believe him incompetent. The defendant contends that the judge at his preliminary hearing ordered a continuance for a competency hearing and such a hearing was never held. At that pre-indictment state, however, a competency hearing was not required. A trial judge is bound to grant a separate determination of competency only after a defendant has been charged with a criminal act. (*People v. Williams* (1967), 38 Ill.2d 115, 230 N.E.2d 224.) There is nothing in the record upon which to predicate defendant's contentions of insanity at the time of the act or that he was incompetent to stand trial. In *People v. Franklin* (1971), 48 Ill.2d 254, our Supreme Court held that even a referral to the Behavior Clinic does not of itself raise a *bona fide* doubt as to the competency of defendant requiring a competency hearing. Review of similar contentions has been denied in more compelling circumstances. *People v. Patch*, 44 Ill.2d 447; *People v. Hall* (1970), 45 Ill.2d 547, 259 N.E.2d 799.

In view of the foregoing, we conclude that an appeal in this case would be without merit and could not be successful. The motion to withdraw is allowed and the appeal dismissed.

Appeal dismissed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.