THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT CARTER, Defendant-Appellant.

(No. 73-3;

Third District—January 31, 1974.

Richard Steck, Assistant Appellant Defender, of Ottawa, for appellant.

A. Randolph Comba, State's Attorney, of Princeton, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Robert Carter pleaded guilty to an indictment for burglary and on April 12, 1971, in the Circuit Court of Bureau County, was sentenced to a term of imprisonment for not less than one (1) nor more than seven (7) years. Defendant thereafter filed a petition for post-conviction relief which was denied on October 16, 1972. This is an appeal by defendant Robert Carter from such order of denial of defendant's petition. Defendant's post-conviction petition was denied without the conduct of an evidentiary hearing. (See Ill. Rev. Stat. 1969, chap. 38, §§ 122—1 et seq.) No direct appeal was ever taken from the conviction in this cause.

The record before us discloses that some time after defendant was indicted for the offense of burglary, his privately retained counsel filed a "Petition for Mental Competency Test" seeking the administration of mental tests and a hearing as to whether defendant was competent to stand trial under the procedure then provided for by statute. (See Ill. Rev. Stat. 1969, chap. 38, §§ 104—1, 104—2.) Defense counsel stated in the petition his belief that defendant was not competent, that he had theretofore received psychiatric treatment for "mental disorders" and acute alcoholism, and that, in counsel's judgment, defendant was "* * * afflicted with a mental disease of such severity that he is presently not capable or competent to stand trial * * *."

In support of the averments contained in the petition, defendant pre-

sented the testimony of two witnesses, sisters of the defendant. As the trial court observes in its memorandum opinion written in connection with the denial of defendant's post-conviction petition: "Both of these witnesses testified that the defendant, when he was about ten years old, received a blow on the head by a croquet mallet. They further testified that at one time, in grade school, a psychiatrist connected with the school had talked to him. They stated that he might have had psychiatry [sic] treatment when he was previously incarcerated in Vandalia or Pontiac, but they did not know this of their own knowledge. They both testified that he had used intoxicating liquor to excess. One witness stated that he had used narcotic drugs and the other witness stated that she had no knowledge that he had ever used narcotic drugs. Both witnesses referred to an incident when the defendant was intoxicated, when he threatened someone with a shot gun. They testified that the defendant had never been in a mental institution, or had never been in any hospital and treated for a mental disorder. One of the witnesses testified that his trouble stemmed from his drinking, as she stated, 'he goes crazy when he is drinking.' Both witnesses, when asked whether or not they thought he was competent to stand trial, answered that they did not think he was. Both witnesses were also asked if they thought he was capable of forming a criminal intent, and both of them answered in the negative. Neither witness testified that the defendant was suffering from a mental disease, or that he had ever suffered from any mental disease, or that he had ever been treated for any mental disease." In further support of the petition, defense counsel stated, during argument, that defendant could not cooperate with counsel in connection with the defense of the cause.

The trial court denied defendant's petition for a determination of competency, several days after which defendant entered a plea of guilty to the burglary charge as a result of negotiations conducted between defendant, his counsel, and the representative of the State's Attorney's office. As further stated in the trial court's memorandum opinion "* * * The Court asked numerous questions of the defendant and his counsel at that time and, after an extensive warning to the defendant of his rights and of the possible penalties, the Court found that there was a factual basis for the plea, and, based upon the recommendations of the State's Attorney and counsel for the defendant, the defendant was sentenced to the Department of Corrections for a term of not less than one year nor more than seven years."

■■ It has been well settled in Illinois that if matters were brought to the attention of the trial court which raised a bona fide doubt as to the accused's ability to understand the nature and purpose of the proceed-

ings against him or to assist in his defense, a hearing must be conducted to resolve that question. (Ill. Rev. Stat. 1969, chap. 38, §§ 104—1, 104—2.) (The current statute, effective January 1, 1973, and not applicable to this proceeding, is shown in Ill. Rev. Stat., 1972 Supp., chap. 38, § 1005—2—1, which contains certain mandatory language not pertinent to this cause.) On the issue of whether such bona fide doubt has been raised in a given case to require a hearing has been determined to be a matter ordinarily committed to the trial court's sound discretion (*People v. Pridgen*, 37 Ill.2d 295, 298, 226 N.E. 598 (1967)), and only where an abuse of discretion had been shown should a reviewing court overturn an order of the trial court refusing a hearing on the question of a defendant's competency to stand trial.

Defendant contends on this appeal that the trial court's refusal to conduct a full hearing on the question of his competency to stand trial and to appoint experts to examine him in that regard deprived him of due process and equal protection of the law in violation of the fourteenth amendment to the United States Constitution and article 2, § 2 of the Illinois Constitution of 1870.

As we read the record herein, the most that can be said with respect to the possibility of incompetency is that defendant sustained a blow to his head as a young child, after which his personality and demeanor changed, that he has had drinking problems which manifested themselves in certain sociopathic conduct, that he may have consulted with psychiatrists, and that, perhaps, he has at some times taken "drugs". However, it has been determined that the circumstances that an accused may possess a sociopathic personality and suffer from psychological and social disturbances do not, without more, raise a bona fide doubt as to his competency. (*People v. Hammond*, 45 Ill.2d 269, 259 N.E.2d 44 (1970); *People v. Hinton*, 132 Ill.App.2d 409, 270 N.E.2d 93 (1st Dist. 1971); *People v. McElroy*, 125 Ill.App.2d 237, 260 N.E.2d 410 (2d Dist. 1970).) We are accordingly unable to state that defendant's past behavior, as recounted by his sisters, and as shown by the record, necessarily established the existence of bona fide doubt concerning his competency.

The circumstance, also, that defendant's trial counsel stated that defendant could not cooperate in his defense, is insufficient to create such bona fide doubt. (*People v. Slaughter*, 46 Ill.2d 114, 262 N.E.2d 904, 907 (1970).) In that connection, the record herein establishes that the trial court had ample opportunity to observe the interaction of defendant and his counsel throughout the proceedings leading to the plea of guilty, and, moreover, the record also shows that the court personally questioned the defendant at length concerning the negotiated

plea, during which interrogation defendant indicated his satisfaction with his counsel's performance, the results of the plea negotiations, and generally manifested an understanding of the proceedings and a rationality quite inconsistent with a claim of incompetence. Defendant relies on the United States Supreme Court's decision in *Pate v. Robinson,* 383 U.S. 375, 15 L.Ed.2d 815, 86 S.Ct. 836 (1966). We do not believe that this reliance is justified. When one compares the accused's irrational behavior recounted in the court's opinion in *Robinson* with that appearing in this record, it becomes instantly apparent that *Robinson* affords no precedent in this cause which could support defendant's contentions.

Under the totality of the circumstances present in this cause, we are unable to say that the trial court abused its discretion in determining that no bona fide doubt existed concerning defendant's competency to stand trial. Accordingly, we find no error in the court's refusal to conduct a full competency hearing or to allow the defense's request that defendant be examined by someone expert in that area at the State's expense.

For the reasons stated, the judgment of the Circuit Court of Bureau County is hereby affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.