██ Finally we consider whether the sentences are excessive. The defendant correctly points out that under *People v. Chupich* (1973), 53 Ill.2d 572, 295 N.E.2d 1, the sentences in the present case must be evaluated by the standards set forth in the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Burglary is a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) The new code provides that for all Class 2 felonies the maximum sentence shall be 20 years and that the minimum sentence shall be no more than one-third of the maximum. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(3), par. 1005—8—1(c)(3).) Applying these standards to the present case, it is apparent that the defendant's sentence on the burglary charge should be 6⅔ to 20 years, rather than the 20 to 40 years that he received. The sentence in the burglary conviction is therefore reduced to 6⅔ to 20 years in the penitentiary.

The sentence on the rape charge is within the limits imposed by the Code of Corrections. In light of the defendant's prior criminal record and the nature and circumstances of the offense, we are not persuaded that this is an appropriate case for the exercise of this court's authority to reduce the punishment imposed by the trial court. *People v. Heard*, 48 Ill.2d 356.

For the foregoing reasons, we affirm the sentence imposed upon the rape charge and affirm the sentence imposed upon the burglary charge as modified by this opinion.

Judgment affirmed as modified.

DIERINGER and JOHNSON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIM PENDLETON, Defendant-Appellant.

(No. 58329; )

First District (2nd Division)—June 10, 1974.

803

PER CURIAM.

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.