THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELSON BOOSE, Defendant-Appellant.

(No. 72-301;

Third District—November 10, 1975.

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (F. Stewart Merdian and Michael Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Elson Boose, was charged with the murder of a guard at the Illinois Industrial School for Boys, located in Sheridan, Illinois, while incarcerated there on a juvenile offense. At the time of this petition, defendant was 15 years of age. On motion of the State's Attorney, and after a hearing, the Juvenile Court waived its jurisdiction and the case was transferred to the Adult Calendar on May 28, 1971. (Although the report of proceedings at that hearing cannot be located, an agreed statement of facts has been prepared by defendant and added to the record by stipulation.)

An indictment charging murder was returned against Boose and, pursuant to a motion by his attorney, a hearing to determine competency to stand trial was held. On November 24, 1971, the jury returned a verdict finding defendant competent.

Defendant entered a plea of guilty to murder, and on February 22, 1972, he was sentenced to imprisonment for a period of not less than 20 years nor more than 40 years.

On this appeal the defendant contends that he was deprived of a trial before a fair and impartial jury by the trial judge's order requiring him to be shackled throughout the competency hearing. Furthermore, the defendant urges that, even though the conviction ultimately resulted from a plea of guilty, the prejudice to which he was subjected during the competency hearing deprived him of due process and requires a reversal of the conviction.

Before the jury was impaneled at the competency hearing, defense

counsel called the court's attention to the fact that Boose was shackled with a restraining belt around his waist and handcuffs through the shackles on the belt, and also that his shoes were without laces. Thereupon, defense counsel moved that Boose be unshackled throughout all proceedings before the jury, arguing that the jury would be irrevocably prejudiced against the defendant and would be led astray in their deliberations on the question of competency. He also pointed out that the belt severely limited Boose's movements and called the court's attention to the presence of special guards from the Illinois Industrial School for Boys at Sheridan, whose presence, he argued, would forestall any potential danger.

No evidence or argument was offered by the State in opposition to the motion to unshackle the defendant. In response to the motion, the court stated:

> "No, I believe due to the nature of the charge against the defendant, true enough it is just a charge, and that is understood, the jury knows that he is charged with a criminal offense, due to the nature of the charges against the defendant, I believe it would be better to have the shackles remain."

Before the competency hearing began, the judge stated that he would direct that Boose not be moved in or out before the jury in order to lessen the potential bias from the jurors viewing the restraints. He also stated that Boose's jacket covered the restraining belt to some extent, and that if he were already seated when the jury came in, with his hands at a low level, the shackles would not become overly apparent.

Defense counsel renewed his objection to the shackling in the post-trial motion. During argument on this motion, defense counsel pointed out that the precautionary measures ordered by the judge did not prevent the jury from becoming aware of the shackles, since, rather than remaining seated to hide his shackles and thereby appear disrespectful, the defendant rose each time the judge entered or left the courtroom. He again called the court's attention to the presence of guards from Sheridan who were armed and specially trained. He also noted that there was nothing in defendant's conduct during previous court appearances which would justify shackling him.

In objecting to the motion, the State's Attorney argued that the shackling was justified because defendant was charged in juvenile proceedings with at least one, and possibly two homicides. In response, defense counsel pointed out that in one of the previous juvenile charges, defendant was found to have acted in self-defense; and that in the second juvenile case, the defendant was found delinquent on the charge of

involuntary manslaughter because he was present when someone else shot a victim.

██ Various reasons have been assigned as to why a defendant should not be shackled during his criminal trial. The most significant justification for the rule is the prejudicial effect on the jury's feelings about the defendant. (*Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973).) A second reason advanced in support of the rule is that the use of shackles may operate to abridge the defendant's ability to defend himself, in particular his ability to communicate, and thereby reduce the normal advantages of being present at the trial. The Supreme Court recognized this problem in *Illinois v. Allen*, 397 U.S. 337, 344, 25 L.Ed.2d 353, 359, 90 S.Ct. 1057, where it said:

> "Moreover, one of the defendant's primary advantages of being present at the trial, his ability to communicate with his counsel, is greatly reduced when the defendant is in a condition of total physical restraint."

The final reason supporting the rule against shackling the defendant in the courtroom is that it detracts from the dignity and decorum of the judicial process. In this regard the Supreme Court stated in *Illinois v. Allen* that "the use of this technique [shackling and gagging] is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold." 397 U.S. 337, 344, 25 L.Ed.2d 353, 359, 90 S.Ct. 1057.

██ The most prevalent view are those cases recognizing that when a defendant is tried in shackles before a jury it is inherently prejudicial or prejudicial per se. (*United States v. Samuel*, 431 F.2d 610 (4th Cir. 1970); *Woodards v. Cardwell*, 430 F.2d 978 (6th Cir. 1970); *Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).) Because of the inherent prejudice to the accused, the burden rests on the State to show the necessity of any extreme physical security measures. (*Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973); see also *State v. Roberts*, 86 N.J. Super. 159, 206 A.2d 200 (1965).) The defendant should not be shackled except to prevent escape of the accused, to protect everyone in the courtroom, and to maintain order during the trial. *Woodards v. Cardwell*, 430 F.2d 978 (6th Cir. 1970).

In *Illinois v. Allen*, the Supreme Court considered the sixth amendment right of a defendant to be present at trial in the context of a disorderly defendant who was ejected from the courtroom by the trial judge. The court recognized the discretion of the trial judge in dealing with such conduct and held that the defendant can lose his right to be present at trial if, after warnings by the trial judge, he continues the

disruptive behavior. The court explained three constitutionally permissible ways for dealing with such a situation: (1) binding and gagging the defendant; (2) citing him for contempt; and (3) expelling him from the courtroom.

In dealing with the matter of physically restraining the defendant during the trial, the court emphasized that such a technique was prejudicial to the defendant, was an affront to the dignity of the judicial proceedings and reduced the ability of the defendant to communicate with counsel. The court stated:

> "But even to contemplate such a technique, much less see it, arouses a feeling that no person should be tried while shackled and gagged except as a last resort." 397 U.S. 337, 344, 25 L.Ed.2d 353, 359, 90 S.Ct. 1057.

Although the decision as to whether the defendant should be shackled rests within the sound discretion of the trial judge, we believe that in the instant appeal the trial judge abused his discretion. The record discloses that the only reason upon which the trial judge based his decision was the nature of the charge against the defendant. Without more, as, for example, a showing that shackles were necessary to prevent the defendant's escape or to protect others in the courtroom or to maintain order during the trial, the trial judge's decision cannot be supported on this record. (*Woodards v. Cardwell*, 430 F.2d 978 (6th Cir. 1970); *State v. Roberts*, 86 N.J. Super. 159, 206 A.2d 200 (1965).) We note that recent decisions hold that it is an abuse of discretion to precipitously employ shackles when less drastic security measures will adequately and reasonably suffice. (*Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973).) In the instant appeal, the record discloses that there were special security precautions already in effect in that guards from the Industrial School for Boys were present. The record does not indicate why these security measures were insufficient or, for that matter, why more drastic security measures were necessary.

The People argue, however, that the reasons underlying the general rule against shackles, set forth above, are inapplicable to the instant appeal since this case involved a competency proceeding, not a trial on the merits.

■■ Although it is unclear whether a defendant is constitutionally entitled to a trial by jury at a competency hearing (*People v. Brown*, 43 Ill.2d 79, 250 N.E.2d 647; *People v. White*, 131 Ill.App.2d 652, 264 N.E.2d 228; but see *People v. Hall*, 45 Ill.2d 547, 259 N.E.2d 799), a defendant is accorded such a right by statute in Illinois (Ill. Rev. Stat., ch. 38, par. 104—2). Whether the right is constitutionally required or only imple-

mented by statute, we believe that similar conditions and objectives are present in both instances, relative to jury prejudice, with respect to the shackling of a defendant. Moreover, since the rationale for the rule regarding shackles rests only in part upon the possibility of jury prejudice, it should not be limited to jury trials on the merits. Rather, we believe that the reasons advanced in support of the rule, as set forth above, apply with equal force in a competency or fitness proceeding before a jury.

■■ We therefore hold that the trial judge abused his discretion by ordering that the defendant appear shackled before the jury at the hearing on his competency. We must therefore decide whether prejudicial error in the competency hearing deprived the defendant of due process and requires reversal of the conviction even though that conviction ultimately resulted from a guilty plea.

It is a fundamental principle of our law that a defendant in a criminal case must be fit to stand trial or be sentenced; otherwise, he shall not stand trial or be sentenced. *People v. Davis*, 25 Ill.App.3d 1007, 324 N.E.2d 58.

In *People v. Bender*, 20 Ill.2d 45, 48, 169 N.E.2d 328, the Supreme Court of Illinois considered the matter of procedural irregularity at a pretrial sanity (now fitness) hearing and held:

> "The sanity hearing * * * is no empty formality, but is designed to preserve the constitutional right of a defendant not to be placed on trial while he is insane. It is, therefore, of great importance that such a hearing should be free from prejudicial error and that the hearing proceed in accordance with proper rules of evidence and that the jury be properly instructed as to the law."

It is also a fundamental error to accept the defendant's guilty plea when the defendant has been found unfit to stand trial. *People v. Davis*, 25 Ill.App.3d 1007, 324 N.E.2d 58.

These authorities require that when procedural error occurs at a fitness proceeding denying the defendant a fair hearing, as in the case at bar, such prejudice vitiates any subsequent guilty plea. Accordingly, we reverse the conviction and remand for a rehearing, if found necessary, on the issue of fitness to stand trial and the entry of a new plea once that issue is determined.

Nor is it sufficient that in the event of a reversal, we should remand solely for the purpose of determining fitness at the time of the original plea of guilty. Such a procedure has been held improper by the Illinois Supreme Court because of the difficulty of determining fitness retrospectively. *People v. Thompson*, 36 Ill.2d 332, 223 N.E.2d 97.

For the foregoing reasons, the judgment of the circuit court of La Salle County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.