THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GALE W. NETTLES (Impleaded), Defendant-Appellant.

(No. 60802;

First District (3rd Division)—October 2, 1975.

*Modified upon denial of rehearing November 20, 1975.*

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and JoAnn Tansey, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before McGloon, P. J., Dempsey and Mejda, JJ.):

Gale W. Nettles, defendant, with James C. Hensley, was charged with the offenses of armed robbery, attempted murder and aggravated assault, in violation of sections 18—2, 8—4 and 12—2(a)(6) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 8—4, 12—2, 18—2). Defendant entered pleas of guilty and was sentenced to concurrent terms of 7 years to 7 years and a day on the armed robbery and the attempted murder convictions, and 1 year to 5 years on the aggravated assault conviction.

On appeal defendant contends that his convictions must be reversed and the causes remanded for new trial on the grounds that the trial court failed to appoint counsel initially at the preliminary hearing and failed to hold a competency hearing prior to the change of plea, and that the conviction for aggravated assault must be reversed outright since it arises out of the same conduct as the conviction for attempted murder.

■■ A plea of guilty, voluntarily and understandingly made, waives all nonjurisdictional errors and defects. (*People v. Robinson* (1974), 18 Ill. App.3d 804, 809, 310 N.E.2d 652; *People v. Mahle* (1974), 57 Ill.2d 279, 282, 312 N.E.2d 267.) Defendant's contention that the trial court committed error in failing to appoint counsel at the preliminary stages of the proceeding has been waived by the subsequent plea of guilty. Defendant does not contend that the trial court's failure in that regard adversely affected his plea of guilty, and our review of the transcript taken at the change of plea, discloses that, as defendant admits, the admonishments given him by the court conformed to the requirements of Supreme

Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Therefore, defendant cannot now be heard to complain that the trial court improperly denied appointment of counsel at that stage of the proceeding in violation of his constitutional or statutory rights.

■■ Defendant also contends that the trial court improperly failed to hold a competency hearing after a psychiatric examination disclosed that he was not competent to stand trial. The examination was the result of defendant's motion for such examination filed before the return of the indictments in this case. The examination predated the return of the indictments by some 2 months, and defendant consequently was not entitled to a competency hearing within that period of time. See *People v. Williams* (1967), 38 Ill.2d 115, 120, 230 N.E.2d 224; *People v. Bradford* (1971), 3 Ill.App.3d 81, 84, 279 N.E.2d 34; Ill. Rev. Stat. 1971, ch. 38, par. 104—2.

All proceedings prior to and including the preliminary hearing on the charges from which defendant was bound over to the grand jury were held before a judge other than the one in the instant trial. Some 3 weeks after the indictments were returned and the matter had been assigned to the trial judge, he determined, on ruling upon defendant's motion for discharge under the Fourth Term Act, that a psychiatric examination had been conducted 2½ months earlier, disclosing that defendant was not competent to stand trial. The trial judge immediately ordered that the psychiatric report be brought up to date. The second report disclosed that defendant was competent to stand trial, and a subsequent third examination, conducted at defendant's request for a determination of whether he was sane at the time of the occurrence, disclosed that he was competent to stand trial and was sane at the time of the occurrence.

During the hearings before the trial judge which preceded and included the change of plea, the court was afforded numerous opportunities to personally observe defendant's behavior and demeanor. It also had before it the two recent psychiatric reports demonstrating defendant's competence to stand trial. It was in the court's province to determine whether a bona fide doubt existed as to defendant's competence, and we cannot say that under those circumstances the court abused its discretion in failing to order a competency hearing; therefore, no question existed as to defendant's competence to knowingly and intelligently enter a plea of guilty to the indictments. See *People v. Carter* (1974), 16 Ill. App.3d 842, 844-845, 306 N.E.2d 894; *People v. Richeson* (1962), 24 Ill.2d 182, 184-185, 181 N.E.2d 170; *People v. Collins* (1973), 14 Ill. App.3d 446, 302 N.E.2d 709; *People v. Williams.*

■■ Defendant's contention that his conviction for aggravated assault must be reversed is also without merit. The record contains no transcript

or other report of the factual basis heard by the trial judge at the change of plea to support the plea of guilty. The court specifically noted, and defendant stipulated, that the court had heard such evidence in the several preceding conferences sufficient to form a basis for the plea. Taking the factual basis for the plea in that manner was proper. (*People v. Pendleton* (1974), 20 Ill.App.3d 802, 314 N.E.2d 470; *People v. Doe* (1972), 6 Ill.App.3d 799, 286 N.E.2d 645.) Further, where the party challenging the judgment fails to bring the entire record before the reviewing court, it will be presumed that the trial court heard sufficient evidence to support the judgment. *People v. Williams* (1966), 69 Ill.App. 2d 55, 216 N.E.2d 468, *aff'd* (1967), 37 Ill.2d 521, *cert. denied* (1968), 390 U.S. 948, 19 L.Ed.2d 1138, 88 S.Ct. 1036.

The fact that evidence adduced at the preliminary hearing appears to substantiate defendant's claim that the attempted murder and the aggravated assault convictions arose out of the same conduct does not necessarily lead to such conclusion. The preliminary hearing was based on complaints for attempted murder and armed robbery only, whereas the hearing before the grand jury held subsequent to the preliminary hearing resulted in charges of not only attempted murder and armed robbery but also aggravated assault; the preliminary hearing was held before a judge other than the one who presided over the change of plea and the conferences at which the factual basis for the plea was developed; and defense counsel expressly stipulated at the change of plea that the court had heard evidence which it found would support the plea of guilty, waiving any allegation that the factual basis for the plea was improper.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.