THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPH SMITH, Defendant-Appellant.

Fourth District    No. 13299

Opinion filed June 10, 1976.

Jack C. Vieley, of Peoria, for appellant.

Richard W. Leiken, State's Attorney, of Eureka, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was convicted of a violation of the City of Eureka Zoning Ordinance. He was fined $200 plus costs. On appeal he contends that the use complained of, namely that he kept horses on property zoned R-1

Residential, was a valid nonconforming use and therefore not a violation of the 1969 Eureka Zoning Ordinance.

The State has neither entered an appearance nor filed a brief. As set out by the Supreme Court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493, this court may, if justice requires, search the record to sustain the judgment of the trial court or when the record is simple and the claimed errors easily decided, the court should determine the merits of the appeal. In the case at bar, the record is so simple that questions of considerable complexity arise. We consider that the third alternative set out in *First Mortgage* is applicable here. Appellant has demonstrated *prima facie* reversible error and his contentions find support in the record. Accordingly, we reverse.

Defendant contends that his present use of the property is a valid nonconforming use under the 1969 Eureka Zoning Ordinance on the ground that his predecessors in title used the property for this purpose prior to the enactment of the ordinance. A purchaser of property constituting a nonconforming use is entitled to the same rights as his grantors. *Schneider v. Board of Appeals*, 402 Ill. 536, 84 N.E.2d 428.

There is no dispute in the evidence. The testimony of all the witnesses was that this property had been used for the keeping of livestock from 1959 to the present. Since the State did not introduce into evidence the provisions of the 1969 ordinance governing nonconforming uses (nor the penalty provisions for that matter) this court cannot determine on the record that defendant's nonconforming use is a violation of the ordinance.

The State's witness testified that defendant's predecessors in title had discontinued the use of the property for keeping livestock from 1955-59. The State argued below that defendant's predecessors in title had unlawfully instituted a use nonconforming under the 1957 Eureka Zoning Ordinance. From that, the State argued that defendant's use could not be valid since his predecessor's use was unlawful under the preceding ordinance. However, the 1957 ordinance, by its own terms, did not prohibit the keeping of all livestock, but prohibited it only under stated circumstances. The evidence does not prove that the use by defendant's predecessors was, in fact, nonconforming.

Under these circumstances, since defendant has demonstrated *prima facie* reversible error which is supported by the record, we reverse the judgment of the trial court.

Reversed.

CRAVEN, P. J., and GREEN, J., concur.