THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARK BROWN, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST DANDRIDGE, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELVIN MEYERS, Defendant-Appellant.

Fourth District   Nos. 13091, 13092, and 13094 cons.

Opinion filed January 13, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellants.

Patrick M. Walsh, State's Attorney, of Decatur (Donald Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendants Clark Brown, Ernest Dandridge and Melvin Meyers appeal from their conviction of deviate sexual assault, a violation of section 11—3(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—3(a)). Brown and Meyers were sentenced to an indeterminate imprisonment term with the minimum set at 10 years and the maximum set at 30 years. Ernest Dandridge was sentenced to an indeterminate imprisonment term with the minimum set at 12 years and the maximum set at 24 years. Defendants, as well as Gregory Van Cook, Cary Halliburton and Frank Dandridge, were tried in a consolidated jury trial for the deviate sexual assault of Daniel Mott performed while all were incarcerated in the Macon County Jail. Frank Dandridge was also charged with and found guilty of separate charges of attempted deviate sexual assault and deviate sexual assault. All the offenses took place in the shower room of the jail within a short period of time.

■■ On appeal, appellants contend that they were deprived of a fair trial because the trial court denied their motions that they not be handcuffed during trial and that their trial be severed from Frank Dandridge's. The State failed to file a brief on this appeal within the period allotted for such filing. This court may, if justice requires, search the record to sustain the judgment of the trial court or when the claimed errors are easily decided, the court should determine the merits of the appeal. (*First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493; *People v. Smith* (1976), 38 Ill. App. 3d 798, 349 N.E.2d 91.) Upon review of the record we find *prima facie* reversible error as alleged by the defendants.

■■ In *Illinois v. Allen* (1970), 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057, the court held that shackling and gagging a defendant during trial was so prejudicial to defendant that it should only be done as a last resort. The court stated that " * * * the sight of shackles and gag might have a significant effect on the jury's feelings about the defendant, but the use of this technique is itself something of an affront to the very dignity and decorum of judicial proceedings that the judge is seeking to uphold." (397 U.S. 337, 344, 25 L. Ed. 2d 353, 359, 90 S. Ct. 1057, 1061-1062.) The Court concluded that a trial judge should bind and gag a defendant only when his behavior is so contumacious, disruptive or obstreperous that restraint is necessary to maintain an appropriate courtroom atmosphere. (See *Estelle v. Williams* (1976) 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691.) In *United States v. Theriault* (5th Cir. 1976), 531 F.2d 281, the court stated that, within the trial court's discretion, shackling may be justified when necessary to maintain the safe, reasonable and orderly progress of the trial. In order to ascertain whether to shackle a defendant, the trial court should determine if the defendant has been guilty of disorderly

conduct in the courtroom; or if he poses a serious escape threat; or if he behaves in a disrespectful or disruptive manner; or if he has a violent and rebellious nature such that the trial court can reasonably anticipate that defendant may attempt bodily harm to a person in the courtroom. (See *United States v. Samuel* (4th Cir. 1970), 433 F.2d 663, *cert. denied,* 401 U.S. 946, 28 L. Ed. 2d 229, 91 S. Ct. 964.) The *Theriault* court also held that a factual basis for the shackling should be incorporated in the record.

■■ In *People v. Boose* (1975), 33 Ill. App. 3d 250, 337 N.E.2d 338, the court determined that shackling a defendant has a prejudicial effect on the jury's feelings about the defendant. It suggests that the use of shackles may impair the defendant's ability to communicate with his counsel and recognized that shackling may be viewed as detracting from the dignity and decorum of the judicial process. Accordingly, the burden rests on the State to show the necessity of extreme physical security measures. Justification for shackling a defendant is to prevent his escape, protect everyone in the courtroom, and maintain order during trial. (See *In re Staley* (1976), 40 Ill. App. 3d 528, 352 N.E.2d 3.) In *Boose,* the defendant was accused of the homicide of a guard in a juvenile facility when he was incarcerated. He was shackled in court by a belt around his waist with steel cuffs restraining the use of his hands to the vicinity of his belt. Also, his shoes lacked laces. The lower court based its determination to shackle on the nature of the charges against the defendant. There was no showing that the shackles were necessary to prevent defendant's escape or to protect others in the courtroom or to maintain order during the trial. The *Boose* court determined that more is required to justify the physical restraint of a defendant before a jury than the existence of the pending charges against him. We agree that the decision to shackle (an extreme precaution) must be supportable on reasonable grounds to justify its use.

In the instant case, prior to the *voir dire* examination, defendants objected to being shackled during trial in the following colloquy:

"MR. MOODY: Your Honor, each defendant objects to being shackled in the courtroom, obviously prejudicial in the eyes of the jury and ask that the shackles be removed.

MR. FICHTER: Your Honor, the People would suggest to the Court that two of these defendants are presently under indictment for attempted escape from the Macon County Jail, Clark Brown and Gregory VanCook. One of the defendants at a prior trial at the conclusion of the trial and sentencing threatened the life of one of the assistant state's attorney [*sic*] who tried the case and we believe those facts plus the fact that this occurrence was alleged to have taken place in the Macon County Jail and involved a high degree of violence and plus the fact that Frank Dandridge another co-

defendant had twice been convicted of armed robbery and theft of property in excess of $150.00 warrants extraordinary security measures to be taken to protect the Court, spectators and everyone concerned. We believe that the safety of the courtroom dictates that these defendants remain handcuffed.

THE COURT: Anything further, Mr. Moody?

MR. MOODY: I should correct that statement to show the two defendants are accused of attempted escape.

MR. FICHTER: That's what I said, under indictment for attempted escape and the trial is set.

THE COURT: Show the motion to be released from handcuffs. Hearing of arguments of counsel. Court finds that for good cause shown, defendants shall remain as is."

From a review of the record, other than this statement of the State's Attorney, nothing was presented to the trial court evidencing disruptive tendencies on the part of the defendants. It is uncertain from the record which defendant threatened an Assistant State's Attorney. Only two co-defendants had attempt escape charges pending. There was no showing in the record of the truth of the allegations made by the State's Attorney. Simply because the prosecutor advised the court of alleged previous escape attempts and of the other law violations by the defendants or some of them, does not, standing alone, warrant the last resort procedure utilized by the trial court. Sworn testimony, out of the presence of the jury could have been employed to provide a demonstrable need for the shackling procedures.

■■ Under these circumstances, we find that the handcuffing of defendants Clark Brown, Ernest Dandridge and Melvin Meyers before the jury was unjustified and served only to deny these defendants a fair trial. We need not deal with the other issue raised on appeal. We, accordingly, reverse the defendants' conviction of guilt for deviate sexual assault and remand for a new trial to be held in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

CRAVEN, P. J., and GREEN, J., concur.